HENLUN HOLDING CORPORATION, Respondent, Appellant, *v.* ESS BROTHERS HOLDING CORPORATION, Appellant, Respondent.*

First Department, January 31, 1930.

* See S. C., 223 App. Div. 102.

*Edward Gluck* of counsel [*William F. Unger* with him on the brief; *Gilman & Unger*, attorneys], for the plaintiff.

*Samuel Seabury* of counsel [*Nathan Friedman*, attorney], for the defendant.

McAvoy, J. This order resettled a prior order made by the court at Special Term. Plaintiff appeals from the resettled order in so far as it omits certain provisions which were in the earlier one. Defendant's appeal is from the injunctive direction against it. Both parties also appealed from the original order, prior to resettlement.

If defendant's appeal be sustained, plaintiff's appeal need not be considered.

The motion papers show these facts: The defendant is the owner of a building on West Thirty-fourth street, New York city, which it acquired on September 21, 1928. When defendant purchased the property there were several tenants in the premises. One was conducting a restaurant in one of the stores, under a written lease granted by defendant's grantor on December 4, 1923, and expiring, according to its terms, on June 1, 1929. Plaintiff was also a tenant which was conducting a hotel in an adjoining portion of the premises, under a lease made by plaintiff's assignor with defendant's grantor on November 1, 1924, and expiring, according

to its terms, on October 31, 1939. In 1925, when plaintiff took its assignment of the hotel lease, it had actual notice of the terms of the lease under which the restaurant was operating in the adjoining store, and which would expire, by its terms, on June 1, 1929. A few months prior to the expiration of its terms, the restaurant tenant ceased paying rent and it was dispossessed a few days before the date fixed in the lease for its expiration. According to plaintiff's own papers, the defendant then consummated a lease of the former restaurant premises to a tenant in the ladies' wear business.

Plaintiff thereupon brought this action to restrain the defendant from making such a lease, and moved for similar relief *pendente lite*. From the resettled order granting that motion, upon the giving of a $15,000 bond by plaintiff, the appeal of defendant arises.

Plaintiff first contends that it was represented to the former tenant before the hotel lease was executed, and to plaintiff prior to the time it took the assignment now in force, that a restaurant would always be maintained in the adjoining store. This assertion is not corroborated by the former lessee to whom the original representation is claimed to have been made, and such alleged representations are denied by the former owner of the premises. We think these promises said to have been made by the landlord could not be enforced under oral representations made preceding the execution of writings which apparently were intended to integrate the whole transaction. It is asserted, however, that the express terms of the lease imposed an obligation on the landlord to maintain a restaurant in the adjoining store throughout the period of plaintiff's lease. We find no such explicit covenant or promissory term in the lease. But it is argued if these contentions fall that in view of its necessities a promise on the part of the landlord not to rent the adjoining store for any purpose other than a restaurant should be implied in equity. Such implication of a covenant not to lease the adjoining store for any purpose other than a restaurant, however, might result merely in leaving the premises untenanted. So plaintiff to meet this exigency argues that a restaurant must actually be maintained in that store. So that the covenant to be implied is one which prevents defendant from leasing the adjoining store for any purpose other than a restaurant, and also requires the defendant " to maintain " a restaurant there or cause one to be maintained.

The nature, type and conduct of the restaurant during this injunction order's pendency would, of course, be under the supervisory direction of the chancellor who would give direction and instruction by a receiver or some auxiliary of the court to see the

mandate carried out as ordered. We think that no such order could be properly enforced and that it ought to have been refused.

The order should be reversed on the defendant's appeal, with ten dollars costs and disbursements to the defendant, and the motion for an injunction denied, with ten dollars costs. Plaintiff's appeal should be dismissed.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed upon defendant's appeal, with ten dollars costs and disbursements to the defendant, and motion denied, with ten dollars costs. Appeal by plaintiff dismissed.